## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDE NEER and<br>PATRICIA NEER T/A<br>C. NEER & SONS TRUCKING,<br>          **Plaintiffs**<br><br>    **v.**<br><br>VOLVO TRUCKS OF<br>NORTH AMERICA,<br>          **Defendant** | **No. 3:05cv459**<br><br>**(Judge Munley)** |

## MEMORANDUM

Before the court for disposition is Defendant Volvo Trucks of North America (hereinafter "Volvo") motion for summary judgment. The parties have briefed their respective positions and the matter is ripe for decision.

## Background

Plaintiffs Claude and Patricia Neer ran a family trucking business located in Wayne County, Pennsylvania for over twenty (20) years. They bought two (2) model 2000 Volvo 770 tractors from "The Ed Schmidt Truck Store" in Maumee, Ohio on May 10, 2000.[1]  (Doc. 1, Complaint ¶ 5). Defendant Volvo manufactured and sold the two tractors. (Doc. 65-2 at 10-11, Claude Neer Deposition Exhibits number CN9 and CN10). Plaintiff also obtained warranties on the trucks. (Doc. 65-2 at 8-9, Claude Neer Deposition Exhibits number CN7 and CN8). Along with the trucks, the plaintiffs also bought two trailers. They borrowed a total of $243,745.20 for the purchases. (Doc. 49-6, at 93-95, Security Agreement).

---

[1] The trucks were model year 2000 Volvo VNL64T770 tractors with vehicle identification numbers 4V4ND3RJ3YN242470 and 4V4ND3RJ0YN237405. (Doc. 65-2 at 10-11, Claude Neer Deposition Exhibits number CN9 and CN10).

Plaintiffs purchased the tractors and trailers for use in their freight hauling business. The plaintiffs used the trucks in their business to haul freight, much of it produce, in the contiguous United States. (Doc. 65, Deposition of Claude Neer at 41-45, 161-163, 190).

Plaintiffs assert that over the course of these two years and five months, the trucks malfunctioned numerous times, and plaintiffs made forty (40) warranty claims. (Doc. 65-2, at 4, Claude Neer Deposition Exhibit number CN5). Included in the warranty claims was a transmission problem that developed in one of the trucks in August 2002. A representative of the transmission manufacturer inspected the transmission and determined that the problem was not covered by the warranty because it was due to the transmission fluid being allowed to run low. (Doc. 49-8, Deposition of Jerry Gruber at 5-7, 9-14, 17-18).

Plaintiffs assert that the numerous problems with these trucks forced their company out of business. They returned the trucks on October 2002 and indicated that they would make no further payments on them. Subsequently, they instituted the instant lawsuit asserting causes of action for breach of warranty, breach of contract and negligence.
After the close of discovery, the defendants moved for summary judgment bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing

Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate

3

specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Defendant raises three issues in its motion for summary judgment: has the statute of limitations expired; did defendant fully comply with the warranty; and are plaintiffs' claims for negligence or other torious conduct barred?  We will address these *in seriatim*.

## I. Statute of limitations

Defendant claims that plaintiffs' claims for breach of contract are barred by the statute of limitations.  Plaintiffs bought the trucks at issue on May 15, 2000.  Defendant claims that a four-year statute of limitations exists which accrued upon the purchase of the vehicle.  Thus, according to the defendant, the statute of limitations expired on or about May 15, 2004.  The instant law suit was filed on March 3, 2005; therefore, defendant argues the suit is barred by the statute of limitations.   We disagree.

A cause of action for breach of contract for sale must be commenced within four (4) years after the cause of action has accrued.  13 PENN. CONS. STAT. § 2725(a).   Thus, it is important to determine when the cause of action accrued.  Generally,

> [a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made, **except that where a warranty explicitly extends to the future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered**.

13 PENN. CONS. STAT.  § 2725(b) (emphasis added).

Defendant argues that the tender of delivery in 2000 started the statute of limitations running.  But as set forth above, the statute provides

4

an exception for where a "warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." The Pennsylvania courts have held that this exception applies to warranties that last for a certain amount of time or a certain mileage on the vehicle. For example, the Pennsylvania Supreme Court found that where a warranty on a vehicle applied for twelve months or 12,000 miles, the warranty extended to future performance of the vehicle under the exception. Nationwide Ins. Co. v. General Motors Corp., 625 A.2d 1172, 1175 (Pa. 1993). See also Keller v. Volkswagen, 733 A.2d 642, 645 (Pa. Super. Ct. 1999)(finding that the exception applied to a warranty that covered two years or 24,000 miles).

In the instant case, the warranty applied for 5 years or 500,000 miles with regard to the transmission. (Def. Ex. B, Doc. 49-3, at 9).[2]

Regardless, the statute of limitations with regard to the transmission accrued in August of 2002 when the plaintiffs discovered the problem with it. There is no indication that the plaintiffs should have discovered the problem sooner.[3] The statutory period for filing suit therefore expired in

---

[2]The problem with the transmission that seems to have been the precipitating event for returning the trucks and ultimately filing suit, occurred after the plaintiffs' had the trucks for approximately 30 months. The mileage on the truck at the time is unclear. Evidently, however, the transmission was still under warranty because the reason provided for it not being covered was because of owner's alleged neglect in letting the transmission run low on transmission fluid.

[3]Of course, defendant claims that the transmission problem was caused by the plaintiffs allowing the transmission to run low on fluid. Plaintiffs, however, contend that they performed all required and necessary maintenance on the vehicle. Thus, a question of fact exists which

August 2006.  As plaintiffs filed the instant suit in March 2005, it is not barred by the statute of limitations, and defendant's statute of limitations argument is without merit.

## II. Compliance with warranty

Defendant next claims that it was fully compliant with the warranty and provided all the necessary repairs.   The only non-repair at issue involves the transmission malfunction in July 2002, which defendant would not repair as it was not covered by the warranty.[4]  In support of its position that repair of this problem was properly denied, defendant presents the testimony of Jerry Gruber.  Gruber was the representative of the transmission manufacturer who inspected the transmission at the time of the malfunction.  He indicated that the transmission problem was caused not by any defect in the transmission but due to a lack of transmission fluid.  In addition, defendant presents an expert report, which provides: "[T]here is nothing to indicate any defect in the Eaton transmission or in the subject Volvo truck.  The failure of the transmission in Mr. Neer's truck was due to the driver's failure to notice leaking transmission fluid which in turn led to the truck being operated with low fluid which in turn lead to wear, overheating, and  ultimately total destruction of the main input drive gear set."  (Report of Packer Engineering, Doc. 56-4, ¶ 9).  Defendant contends that plaintiffs have presented no evidence to counter their evidence that the transmission repair did not fall under the warranty.  After a careful review, we agree.

---

precludes granting summary judgment.

[4]It is uncontested that the remainder of the malfunctions that occurred were repaired pursuant to the warranties.

With no citation to the record, plaintiffs assert that Mr. and Mrs. Neer both testified that the vehicle had been properly and fully serviced in accordance with the maintenance requirements of Volvo and that the transmission failed from overheating caused by either a design or manufacturer defect.

Although plaintiffs did not cite the record for these claims, defendant expands on these assertions and cites to the relevant depositions. Evidently, the maintenance, including checking the transmission fluid, was performed by a facility in Illinois approximately six (6) weeks before the transmission's malfunction.  (Def. Ex. C, 206-210).  Plaintiff has not presented a representative from this Illinois facility to indicate that the fluids were checked, nor have they indicated that they personally checked to ensure that the fluids were at appropriate levels.  Plaintiff has presented no expert witness with regard to the transmission failure.  Plaintiff has not sufficiently countered the evidence presented by the defendant.  Therefore, no genuine issue of material fact exists and summary judgment is appropriate for the defendant on this warranty claim.

### III.  Other claims

### A. Warranties and contractual obligations

Plaintiffs' complaint asserts that defendant breached express and implied warranties as well as contractual obligations.  (Compl. ¶¶ 10 - 11). They assert that because of the problems with the trucks they were unable to maintain a regular driving schedule and thus lost income and sustained other economic damage.  (Compl. ¶ 16, 18).

Defendants assert that the warranties provided with the trucks specifically exclude all other warranties, expressed or implied, and also

exclude payment or other compensation for consequential, indirect or incidental damages of any kind.

The warranties do provide such exclusions. (See Def. Ex. B, Doc. 49-3, at 8-9). Plaintiff, however, asserts that the exclusions are invalid. The law provides a limitation on consequential damages is invalid where the exclusion is "unconscionable." 13 PENN. CONS. STAT. ANN. § 2719(c). Plaintiffs asserts that the warranty is unconscionable because it was printed on a pre-printed form and was not the subject of negotiation. The only choice was to accept the warranty or purchase an extended warranty (as was done in this case). Moreover, the warranty unreasonably favors the defendant as it is the only party that benefits from the limitation. Once again the plaintiff cites nothing in the record to support its contention. Accordingly, we find that the plaintiff has not raised a genuine issue of material fact with regard to whether the warranty is valid.

Additionally, a limitation of a warranty will be held invalid where it fails in its essential purpose. 13 PENN. CONS. STAT. ANN. § 2719(b). If the seller intentionally or negligently prevents the buyer from taking advantage of an exclusive remedy, it fails in its essential purpose and the damages disclaimer is rendered inoperative. Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc., 123 F. Supp. 2d 826, 829 (E.D. Pa. 2000). Here the exclusive remedy under the warranty was to repair the problems with the trucks. According to the plaintiff this repair was not performed, at least with respect to the transmission. Therefore, under the law, the warranty may have failed in its essential purpose rendering the limitations with the warranty limitations ineffective according to the plaintiffs. As set forth above, however, plaintiffs have failed to create a genuine issue of material

fact with regard to whether the transmission problem was covered by the warranty.

Accordingly, summary judgment will be granted to the defendant on all of plaintiff's express and implied warranty counts and breach of contract claims

## B. Plaintiff's negligence and other tort claims

Plaintiffs' complaint also alleges negligence and other tort claims. Defendant contends that these issues are precluded by the economic loss doctrine. Plaintiffs did not respond to defendant's argument. After a careful review, we agree with defendant.

In Pennsylvania, the economic loss doctrine provides a plaintiff cannot bring a tort action to recover purely economic losses caused by the malfunction of a product. REM Coal Co., Inc. v. Clark Equip. Co., 563 A.2d 128, 129 (Pa. Super. Ct. 1989); Moscatiello v. Pittsburgh Contractors Equip. Co., 595 A.2d 1198, 1201 (Pa. Super. Ct. 1991). Economic losses are such things as lost profits, as opposed to personal injury. Id. The economic loss doctrine has been adopted in Pennsylvania to keep contract law separate from tort law. New York State Elec. & Gas Corp. v. Westinghouse Elec. Corp., 564 A.2d 919, 925 (Pa. 1989). In the instant case, plaintiffs assert solely economic damages. Therefore, the economic loss doctrine precludes its tort claims.

Moreover, under the "gist of the action" doctrine, the plaintiff is precluded from transforming a contract action into a tort claim. The "gist of the action doctrine" provides that a breach of contract gives rise to an actionable tort only where the tort is the "gist of the action" and the contract is only a collateral matter. " eToll, Inc. V. Elias/Savion Advertising, Inc.,

811 A.2d 10, 14 (Pa. Super. Ct. 2002). "Generally, the doctrine is designed to maintain the conceptual distinction between breach of contract claims and tort claims. As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims. Id. (internal citations omitted).

In the instant case, all of the plaintiffs' damages allegedly flow from the claim that defendant breached the warranty.   The contract, is an essential part of the claims, not merely a "collateral matter."  Therefore, plaintiffs' tort claims are precluded by the "gist of the action" doctrine also.

**Conclusion**

For the foregoing reasons, summary judgment will be granted to the defendant.  An appropriate order follows.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLAUDE NEER and
PATRICIA NEER T/A
C. NEER & SONS TRUCKING,
                    Plaintiffs

    v.

VOLVO TRUCKS OF
NORTH AMERICA,
                    Defendant

:  No. 3:05cv459

:  (Judge Munley)

## ORDER

**AND NOW**, to wit, this 17th day of September 2007, the defendant's motion for summary judgment (Doc. 44) is hereby **GRANTED**. The Clerk of Court is directed to close this case.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

11