IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDE NEER and PATRICIA NEER T/A C. NEER & SONS TRUCKING,<br>                                  **Plaintiffs**<br><br>          v.<br><br>VOLVO TRUCKS OF NORTH AMERICA,<br>                                  **Defendant** | No. 3:05cv459<br><br>(Judge Munley) |

## MEMORANDUM and ORDER

Before the court for disposition is the plaintiffs' motion for reconsideration of the court's order granting summary judgment to the defendant. The matter has been fully briefed and is ripe for disposition.

**Background**

As set forth in our memorandum granting summary judgment, Plaintiffs Claude and Patricia Neer ran a family trucking business located in Wayne County, Pennsylvania for over twenty (20) years. They bought two (2) model 2000 Volvo 770 tractors from "The Ed Schmidt Truck Store" in Maumee, Ohio on May 10, 2000.[1] (Doc. 1, Complaint ¶ 5). Defendant Volvo manufactured and sold the two tractors. (Doc. 65-2 at 10-11, Claude Neer Deposition Exhibits number CN9 and CN10). Plaintiff also obtained warranties on the trucks. (Doc. 65-2 at 8-9, Claude Neer Deposition Exhibits number CN7 and CN8). Along with the trucks, the plaintiffs also bought two trailers. They borrowed a total of $243,745.20 for the purchases. (Doc. 49-6, at 93-95, Security Agreement).

---

[1] The trucks were model year 2000 Volvo VNL64T770 tractors with vehicle identification numbers 4V4ND3RJ3YN242470 and 4V4ND3RJ0YN237405. (Doc. 65-2 at 10-11, Claude Neer Deposition Exhibits number CN9 and CN10).

Plaintiffs purchased the tractors and trailers for use in their freight hauling business. The plaintiffs used the trucks in their business to haul freight, much of it produce, in the contiguous United States. (Doc. 65, Deposition of Claude Neer at 41-45, 161-163, 190).

Plaintiffs assert that over the course of these two years and five months, the trucks malfunctioned numerous times, and plaintiffs made forty (40) warranty claims. (Doc. 65-2, at 4, Claude Neer Deposition Exhibit number CN5). Included in the warranty claims was a transmission problem that developed in one of the trucks in August 2002. A representative of the transmission manufacturer inspected the transmission and determined that the problem was not covered by the warranty because it was due to the transmission fluid being allowed to run low. (Doc. 49-8, Deposition of Jerry Gruber at 5-7, 9-14, 17-18).

Plaintiffs assert that the numerous problems with these trucks forced their company out of business. They returned the trucks on October 2002 and indicated that they would make no further payments on them. Subsequently, they instituted the instant lawsuit asserting causes of action for breach of warranty, breach of contract and negligence.

Defendant filed a motion for summary judgment, which the court granted on September 17, 2008. The plaintiffs then filed the instant motion for reconsideration, bringing the case to its present posture.

**Standard of review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The

movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677.   A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

**Discussion**

The plaintiffs' motion will be denied as the plaintiffs are merely trying to convince us to rethink the summary judgment decision we have already made. In our memorandum and order we found no genuine questions of material fact and that judgment in favor of the defendant was appropriate. At issue was the breach of warranty claim with regard to the failed transmission. We indicated that defendant had provided the testimony Jerry Gruber. We explained as follows:

> Gruber was the representative of the transmission manufacturer who inspected the transmission at the time of the malfunction. He indicated that the transmission problem was caused not by any defect in the transmission but due to a lack of transmission fluid. In addition, defendant presents an expert report, which provides: "[T]here is nothing to indicate any defect in the Eaton transmission or in the subject Volvo truck. The failure of the transmission in Mr. Neer's truck was due to the driver's failure to notice leaking transmission fluid which in turn led to the truck being operated with low fluid which in turn lead to wear, overheating, and ultimately total destruction of the main input drive gear set." (Report of Packer Engineering, Doc. 56-4, ¶ 9). Defendant contends that plaintiff has presented no evidence to counter their evidence that the transmission repair did not fall under the warranty.

(Doc. 66, Memorandum of Sept. 17, 2007, at 6).

We explained that:

> With no citation to the record, plaintiffs assert that Mr. and Mrs. Neer both testified that the vehicle had been properly and fully serviced in accordance with the maintenance requirements of Volvo and that the transmission failed from overheating caused by either a design or manufacturer defect.

(Id. at 7).

We further indicated that the defendant had in fact cited to the depositions that plaintiff referred to and that they did not properly counter the defendant's evidence.

Plaintiff in its brief in support of the motion for reconsideration again argues – and again with no citation to the record – that Plaintiff Claud Neer's deposition testimony is sufficient to counter defendant's evidence. We have already decided this issue, the plaintiffs are merely trying to persuade the court to change a decision we have already made. This is not proper for a motion for reconsideration, and the motion will be denied.[2] An appropriate order follows.

---

[2] As exhibits to the reconsideration motion, the plaintiffs present the depositions of Gruber and Neer, which we have already discussed. They also present affidavits from Plaintiff Claud Neer and the individual who was driving the truck when it malfunctioned. Both of these affidavits were drafted after the entry of our order granting summary judgment. Plaintiff provides no explanation as to whether these affidavits are new evidence previously unavailable, and a review of the affidavits reveals that they merely discuss matters that could have been discussed prior to the entry of our order of summary judgment. We therefore will not rely on them in ruling on the motion. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (explaining that affidavits containing evidence that was available prior to the summary judgment are not "new evidence" justifying reconsideration, and it is proper for the court not to consider them).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLAUDE NEER and PATRICIA NEER T/A C. NEER & SONS TRUCKING,** **Plaintiffs** | **No. 3:05cv459** **(Judge Munley)** |
| v. | |
| **VOLVO TRUCKS OF NORTH AMERICA,** **Defendant** | |

## **ORDER**

**AND NOW**, to wit, this 30th day of May 2008, the plaintiffs' motion for reconsideration (Doc. 67) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**